UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

XYZ Corporation

                Plaintiff,

v.

Case No.: 1:23−cv−02049

Honorable John J. Tharp Jr.

The Partnerships and Unincorporated Associations
Identified on Schedule A

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, April 10, 2023:

      MINUTE entry before the Honorable John J. Tharp, Jr:The plaintiff's motion for leave to file under seal and temporarily proceed under a pseudonym [5] is granted. The plaintiff's motion for entry of a temporary restraining order [13] is denied without prejudice. The plaintiff seeks a temporary restraining order based on allegations of trademark and copyright infringement against 665 foreign individuals or businesses who operate e−commerce storefronts via unique internet domains or on various third−party online marketplaces. The plaintiff has not demonstrated, however, how joinder of these 665 defendants complies with Federal Rule of Civil Procedure 20(a)(2). Such is the plaintiff's burden. See Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) (A "complaint that fails to satisfy Rule 20 should be rejected... here, the plaintiff had made no effort to show how his joinder of claims satisfied Rule 20."). "[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases." Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 186 (N.D. Ill. 2020). In this Court, as in many others, the "requirements for joinder are liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action." First Time Videos, LLC v. Does 1−500, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (quotation omitted). Given the number of defendants here, the interest in convenience and judicial economy is particularly acute. See Estee Lauder, 334 F.R.D. at 189 ("[P]resenting dozens or hundreds of defendants in one lawsuit actually undermines judicial economy, because this Court must evaluate the evidence submitted in support of liability and, eventually, damages. That is especially true in the ex parte setting of a temporary restraining order, as well as for default−judgment motions."); Art Ask Agency v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule "A", No. 21−CV−06197, 2021 WL 5493226, at *3 (N.D. Ill. Nov. 23, 2021) (rejecting joinder of 216 defendants, noting that "joinder in this case may yield significant financial benefits to [the plaintiff] at the judiciary's expense"). But see Bose Corp. v. Partnerships & Unincorporated Associations

Identified on Schedule "A", 334 F.R.D. 511, 517 (N.D. Ill. 2020) (surmising that severance of 17 defendants would undermine fairness and efficiency). Accordingly, by 05/01/2023, the plaintiff is directed to file a memorandum explaining why joinder is proper in this case. Mailed notice(air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.